FILED

16 SEP -8 AM 11: 14

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ CN _____
           DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

Bradley Cousins

-vs-

Case No.: 1:16-cv-00698-SS

MIDLAND FUNDING, LLC,
MIDLAND CREDIT
MANAGEMENT, INC., and
RLI INSURANCE COMPANY

## SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following scheduling order:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by _____November 21, 2016_____.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by _____September 13, 2016 (submitted)_____, and each opposing party shall respond, in writing, by _____September 20, 2016_____. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial.

3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before _____October 21, 2016_____.



4. The parties shall file all amended or supplemental pleadings and shall join additional parties by _____October 21, 2016_____.

5. Any party asserting claims for affirmative relief shall disclose its designation of potential witnesses, testifying experts, and proposed exhibits by serving, not filing, the designation on all parties by _____January 30, 2017_____. Any party resisting claims for relief shall disclose its potential witnesses, testifying experts, and proposed exhibits, and shall serve, not file, the disclosure on all parties by _____February 28, 2016_____. All designations of rebuttal experts shall be served, not filed, within **15 days** of receipt of the report of the opposing expert.

   Any witness who will present any opinion in trial is considered an expert, and the disclosure must contain a written summary of the witness's testimony in an expert report. The Fed. R. Civ. P. 26 standard is not applicable to this paragraph; it does not make any difference whether or not the expert witness is a "retained expert," as any opinion or testimony of any expert not contained in the expert report will not be permitted at trial.

6. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **eleven (11) days** of receipt of the written report of the expert's proposed testimony or within **eleven (11) days** of the expert's deposition, if a deposition is taken, whichever is later.

7. The parties shall complete all discovery on or before _____March 30, 2017_____. Counsel may by agreement continue discovery beyond the deadline, but there will be no

intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

8. All dispositive motions shall be filed no later than ~~May 23, 2016~~ *2017* and shall be limited to twenty (20) pages. Responses to dispositive motions shall be filed not later than fourteen (14) days after the filing of the motion and shall be limited to twenty (20) pages. A reply in support of a dispositive motion shall be filed not later than seven (7) days after the filing of the response to the motion and shall be limited to ten (10) pages, but the Court need not wait for the reply before ruling on the motion.

9. This case is set for docket call *March 30, 2018*, at 11:00 a.m. and trial in the month of *April 2018*. At docket call, the parties shall submit a short, one paragraph statement of the parties' contentions, voir dire questions, proposed jury instructions and verdict forms, exhibit and witness lists, and any motions in limine.

SIGNED this the *8th* day of *September 2016*.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____     _____
Attorney for Plaintiff                                  Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

Bradley Cousins

-vs-
MIDLAND FUNDING, LLC,
MIDLAND CREDIT
MANAGEMENT, INC., and
RLI INSURANCE COMPANY

Case No.: 1:16-cv-00698-SS

## NOTICE CONCERNING REFERENCE TO UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 626(c), Federal Rules of Civil Procedure 73, and the Local Rules of the United States District Court for the Western District of Texas, the following party: _____

through counsel: _____

hereby (select one):

○ consents to having a United States Magistrate Judge preside over the trial in this case.

○ declines to consent to trial before a United States Magistrate Judge.

Respectfully submitted,

_____
Attorney for:
_____